IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KELSEY LONGPRE-PALM,**

    Plaintiff,                      CASE NO.

vs.

**CITY OF HOLLY HILL,
FLORIDA, a Municipality,**

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, KELSEY LONGPRE-PALM, by and through her undersigned attorneys, and sues the Defendant-Employer, CITY OF HOLLY HILL, FLORIDA, a Municipality ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

This Court has original jurisdiction pursuant to 28 U.S. C. § 1331. Venue lies in the Middle District of Florida because the events arose in this judicial district.

**INTRODUCTION**

This is an action brought pursuant to Title VII of the Civil Rights Act, as amended ("Title VII"). Defendant harassed, discriminated against, and retaliated against Plaintiff and Plaintiff seeks economic and non-economic damages

including but not limited to back pay, front pay, lost benefits, lost retirement benefits, lost health insurance, emotional distress, pain and suffering, humiliation, mental anguish, compensatory damages, equitable relief, injunctive relief, and her attorneys' fees and costs.

## ADMINISTRATIVE PREREQUISITES

1. All conditions precedent to bringing this action have occurred.

2. Plaintiff timely filed a dual charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

3. Plaintiff has received her "Right to Sue" from the EEOC and this lawsuit has been filed within 90 days of the receipt of a "Right to Sue."

4. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

5. At all times material hereto, the Plaintiff, a female, was a resident of Volusia County, Florida.

6. At all times material hereto, the Defendant, CITY OF HOLLY HILL, is a political subdivision and municipality. Defendant is an "Employer" pursuant to the laws under which this action is brought.

7. The Defendant, CITY OF HOLLY HILL is organized and exists

under the laws of the State of Florida.

## GENERAL ALLEGATIONS

8. At all times material hereto, Defendant acted with malice and with reckless disregard for Plaintiff's stated protected rights.

9. At all times material hereto, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

10. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay her counsel a reasonable fee for legal services.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff is a single mother of three young children.

13. On January 18, 2022, Defendant hired Plaintiff as the only female Officer on her shift.

14. Defendant has been well-aware and on notice of a sexually harassing environment towards female officers and employees for many years. Defendant was well aware of the sexually harassing environment before Defendant hired Plaintiff.

15. Plaintiff is well qualified to perform her duties as an Officer.

16. After Plaintiff's hiring she was subjected to sexual harassment, a hostile work environment, gender discrimination, and retaliation.

17. The gross sexually harassing and discriminatory comments towards Plaintiff, include but were not limited to the following:

- Sergeant Fountain, who was engaged came up behind Plaintiff one evening, pulled her from behind by her hips directly into his groin, pushing his groin up against her buttocks. Plaintiff did not instigate this, or welcome it; she immediately got away from him.

- Sergeant Fountain directed other officers to ask how big Plaintiff's "penis" was.

- Sergeant Fountain sent Plaintiff a nude photograph via social media with only a towel covering himself.

- Sergeant Fountain told Plaintiff that she needed to put her lips to "good use."

- Sergeant Fountain told Plaintiff that she was sick because she had been kissing "dirty boys" and that she had "dirty dicks in her mouth."

- Sergeant Fountain told Plaintiff that she needed to "get laid or take the tampon out of her ass."

- After making an arrest a fellow officer said that Plaintiff took it like a champ and Sergeant Fountain said, "that's what her boyfriend says."

- Sergeant Fountain took pictures of Plaintiff's buttocks and texted them to her while she was on duty.

- Sergeant Fountain on February 5, 2023, sent Plaintiff a picture of a stuffed animal with an erect penis and texted her, "No homo your ass is dirty." He then asked Plaintiff is she wanted to have a drink with him on Valentine's Day and go on a golf cart.

- Sergeant Fountain told Plaintiff on February 26, 2023, that he controlled her pay and said he was her "sugar daddy by proxy."

- Sergeant Fountain told Plaintiff on March 9, 2023, after his fiancé stopped by, "It was weird having my fiancé and work crush here at the same time."

- Sergeant Fountain told Plaintiff on May 2023 that she should be happy with all the wiener (penis) she was getting (from her boyfriend).

- Sergeant Bentley told Investigator Wilmot that Plaintiff needed to be "dicked down."

- Sergeant Bentley told Investigator Wilmot that he wanted

5

pictures of Plaintiff, insinuating that Investigator Wilmot had nude pictures of Plaintiff.

Other comments and actions endured were the following:

- Sergeant Fountain told Plaintiff that Captain Yates and Sergeant Bentley commented that Plaintiff was going to Charleston, South Carolina for a boob job. This was untrue and inappropriate.

- Sergeant Fountain sent Plaintiff text messages stating, "enjoy class chickie, I may miss you," and "I liked you better when I liked you," and "I've playground third-grade flirted at best.

- Sergeant Fountain asked Plaintiff if she was suffering from morning sickness when she felt unwell at work.

- Sergeant Fountain stated that the reason he questioned Plaintiff's whereabouts and tracked her was because, "I'm not mean, it's my way of flirting."

- Sergeant Fountain insinuated that Plaintiff was meeting up with men when he questioned her about her GPS. He did not question the male officers about their GPS whereabouts.

- This is not an all-inclusive list of the sexually harassing and degrading comments Plaintiff endured.

18. Plaintiff also was denied commendations that VSO Deputy Currie and Sergeant Hutchison had sent to Captain Yates regarding Plaintiff. Captain Yates denied all requests. Male officers routinely received commendations.

19. Captain Yates denied Plaintiff's request to take two training classes. Male officers were allowed to take the same training classes that Plaintiff requested.

20. In February 2024 Plaintiff made a formal written complaint to Defendant detailing the sexual harassment and gender discrimination. Immediately after Plaintiff was made to go back on the road with her supervisor whom she had just named as one of her sexual harassers.

21. On February 19, 2024, Plaintiff was interviewed regarding her complaints of discrimination and harassment by Chief Miller and HR Manager, Ms. Witt. Plaintiff gave another interview to IA. Defendant's supervisor's conduct did not change.

22. Plaintiff received her first write up on May 31, 2024, in her career after reporting sexual harassment and discrimination for not appearing in court. The same day two other officers (Officer Z. Deap and Officer A. Bernal) failed to appear and neither of them received any disciplinary action. Plaintiff contacted the Clerk of Court on June 12, 2024, and was told that it was an error made by the Clerk of Court and they corrected the matter on their end showing that Plaintiff had

been excused from court on that date.

23. Plaintiff was treated differently after reporting the sexual harassment and discrimination in the terms and conditions of her employment.

24. Plaintiff filed an EEOC Charge with the government which is additional protected activities.

25. Plaintiff reported Sergeant Weiss for threatening her job and creating a hostile work environment to Jeaneen Witt, HR Manager. Afterwards, Sergeant Weiss and other officers made Plaintiff the subject of briefings they were having. It was said about Plaintiff that "you can't have a lawsuit and still have a job."

26. No action was taken against Sergeant Weiss.

27. As late as September 17, 2024, Plaintiff received a verbal counseling from Sergeant Hutchison for a use of force against a male who was actively resisting a felony arrest. Plaintiff followed her HHPD training coordinator's policy, so this was clearly another act of retaliation against Plaintiff.

28. Defendant has disciplined Plaintiff since she engaged in protected activities.

29. Defendant placed a letter in Plaintiff's personnel file that complained about Plaintiff getting the "old administration in trouble," and although the complaint was unfounded, refused to remove the letter.

30. Although well qualified, Defendant denied Plaintiff promotions since

her harassment complaints and failed to give her reasons as to the denial of promotions.

31. Plaintiff was sexually harassed, discriminated against due to her sex, and retaliated against for complaining of sexual harassment.

## COUNT I
## SEXUAL HARRASMENT

32. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-31.

33. Plaintiff is a member of a protected class due to her sex.

34. Defendant, through their managers harassed Plaintiff on the basis of her sex.

35. The harassment suffered by Plaintiff was severe and pervasive and created a discriminatorily hostile and abusive working environment.

36. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiffs on account of sex in violation of the Title VII of the Civil Rights Act.

37. Defendant knew, or should have known, of the harassment and failed to take remedial action to stop it.

38. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against

Defendants:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Punitive damages;

    f.    Attorney's fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable, including an additional lump sum and amount to be awarded to relating to Plaintiff's estimated tax increase based upon a jury verdict.

## COUNT II
## TITLE VII –SEX DISCRIMINATION

39. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-31.

40. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act because she is female.

41. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of sex by subjecting her to disparate treatment in the workplace and in her termination, in violation of the Title VII of the Civil Rights Act.

42. Men were not treated in this manner and if Plaintiff were a man, she would never have been harassed.

43. Defendant knew or should have known, of the discrimination.

44. The discrimination described above was done willfully, was malicious, and done with a reckless disregard for Plaintiff's rights under federal law.

45. As a result of the unlawful discrimination above, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits.

    b. Interest on back pay.

    c. Front pay and/or loss of earning capacity.

    d. Compensatory damages, emotional pain and suffering.

    e. Injunctive relief and reinstatement.

    f. Prejudgment interest.

    g. Punitive damages

    h. Attorneys' fees and costs.

    i. For any other relief this Court deems just and equitable.

    j. Judgement for supplemental damages to offset the tax impact of lump sum damages awarded as provided under federal law.

## COUNT III
## <u>TITLE VII – RETALIATION</u>

46. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-31.

47. The plaintiff is a member of a protected class under Title VII of the Civil Rights Act.

48. Plaintiff engaged in protected activity to Human Resources when she complained about the sexual harassment and discrimination being done towards her by Defendant's managers.

49. Shortly after her complaints and in retaliation for her complaints, Defendant treated her differently and gave Plaintiff her first write up.

50. Defendant knew or should have known, of the discrimination and retaliation.

51. The retaliation described above was done willfully, was malicious, and done with a reckless disregard for Plaintiff's rights under federal law.

52. As a result of the unlawful retaliation above, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits.

    b.    Interest on back pay.

    c.    Front pay and/or loss of earning capacity.

    d.    Compensatory damages, emotional pain and suffering.

    e.    Injunctive relief and reinstatement.

    f.    Prejudgment interest.

    g.    Punitive damages.

    h.    Attorneys' fees and costs.

    i.    For any other relief this Court deems just and equitable.

    j.    Judgement for supplemental damages to offset the tax impact of lump sum damages awarded as provided under federal law.

Respectfully submitted this 31st day of January 2025.

    Respectfully Submitted,

    CHANFRAU & CHANFRAU

    /s/ *Kelly H. Chanfrau*
    Kelly H. Chanfrau, B.C.S.
    Florida Bar No. 560111
    Taylor G. Carley, Esq.
    Florida Bar No. 1022466
    701 N. Peninsula Drive
    Daytona Beach, FL, 32118
    Telephone: 386-258-7313
    Facsimile: 386-258-8783
    Primary Email: Kelly@Chanfraulaw.com
    Secondary Email: Taylor@Chanfraulaw.com
    Secondary Email: Melanie@Chanfraulaw.com
    ATTORNEYS FOR PLAINTIFF